■ SECURITIES INDUSTRY AUTOMATION CORPORATION, Respondent, v UNITED COMPUTER CAPITAL CORPORATION, Appellant. [723 NYS2d 668] —Order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J.), entered February 22, 2000, which, *inter alia*, granted plaintiff-respondent's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly found that the parties' conduct during the performance of multiple schedules under a single "Master Lease," established that plaintiff was justified in relying on defendant's prior waiver of a requirement for timely notice of plaintiff's intent to exercise a $1 buy-out option to purchase the leased computer equipment at the end of the lease term. The court did not improperly consider parol evidence since the Uniform Commercial Code provides that where a signed agreement excludes modification except by a signed writing, which was the case here, an attempted modification that does not meet the writing requirement or satisfy the Statute of Frauds may still operate as a waiver (*see,* UCC 2-209 [4]).

Plaintiff's affidavit in support of its cross motion, submitted by the employee most responsible for administering the lease transactions with defendant and with other similar lessors, was uncontradicted in its averments that defendant had not previously during the eight-year history of the Master Lease enforced the subject notice provision. In view of the waiver established by this evidence, defendant was obligated to notify plaintiff if it intended to begin enforcing the notice provision (*see*, UCC 2-209 [5]). Defendant's failure to afford plaintiff such notice precluded defendant's reliance on the subject buy-out option notice provision.

We have considered defendant's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.